USCA1 Opinion

 

 January 29, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1269 CHARLES N. WATSON, Plaintiff, Appellant, v. C. MARK CATON, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ___________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ___________________ Charles N. Watson, on brief pro se. _________________ __________________ __________________ Per Curiam. The appellant, Charles N. Watson, was an __________ inmate in the Maine correctional system, incarcerated at the Downeast Correctional Facility, and later at the Charleston Correctional Facility, at all times relevant to this lawsuit. In November 1991 Watson filed a complaint in federal court which alleged that the defendants, all officials of the Maine Department of Correction or the Downeast or Charleston prisons, had violated his federal constitutional rights, in violation of 42 U.S.C. 1983. Watson's complaint contained four counts, only three of which are at issue in this appeal.1 In his first count, Watson described injuries he had sustained to his right hand before he went to prison. The injuries had required surgery, and the hand continued to cause problems. After he entered prison, beginning in February 1989, Watson sought treatment. The specialists he contacted would not travel to the prison, and prison officials would not allow him to go to the doctors. According to the complaint, defendant Peggie Mitchie, a nurse at the Downeast Correctional Facility, refused to examine Watson's hand because the injury had occurred before he went to prison, and she said that "therefore she was not responsible for care or treatment of ____________________ 1The third count of the complaint related to dental treatment of a broken cap on a front tooth. Watson did not challenge the dismissal of this count in his appellate brief, and therefore has waived the issue. Pignons S.A. de _________________ Mecanique v. Polaroid Corp., 701 F.2d 1, 3 (1st Cir. 1983) _________ _____________ (issues not presented in appellant's opening brief are waived). that hand." Thereafter Watson says he continued to suffer and eventually a doctor did examine the hand and recommended another round of surgery. The second count of the complaint alleged that Watson was injured when he fell through a weak ceiling while working at the Downeast prison. He saw a nurse, who treated a gash on his leg but declined to provide further treatment when he told her that he had also injured his back, saying that his back "would be okay." Not until he transferred to the Charleston prison did Watson receive treatment for his back injury; but even then, Watson complained, the doctors prescribed only medication and bed rest, and failed to order the physical therapy that he thought was necessary. Eventually, the injury required surgery, and even after the operation Watson's back remained "40% impaired." Finally, Watson alleged in his fourth count that, while housed at the Downeast Correctional Facility, he purchased a number of cassette tapes and compact disks through the mail. When these items arrived at the prison, officials deemed them "non-allowable" and did not deliver them to Watson. Nor did they provide Watson with a "non-allowable property sheet," which, Watson contends, the Department of Correction "normally issues" in such situations. A corrections officer destroyed the tapes and disks, but the prison did not notify Watson of either the delivery or the destruction until 11 -3- -3- days had passed. In addition to his complaint, Watson filed with the district court an application to proceed in forma pauperis. _________________ Acting on this request before any of the defendants had responded to the complaint, the district court granted Watson in forma pauperis status but dismissed the complaint on its __________________ own motion under 28 U.S.C. 1915(d) with a short opinion stating its reasons. After the district court denied his motion for reconsideration and motion to vacate judgment, Watson filed this appeal. Under 28 U.S.C. 1915(d) a federal district court may dismiss an in forma pauperis complaint if the complaint is, __________________ among other things, "frivolous." A claim is "frivolous" within the meaning of section 1915(d) when it is "based on an indisputably meritless legal theory," or makes "clearly baseless" factual contentions. Neitzke v. Williams, 490 U.S. _______ ________ 319, 327 (1989). We review a section 1915(d) dismissal for "abuse of discretion," Denton v. Hernandez, 112 S. Ct. 1728, ______ _________ 1734 (1992), taking into account the liberal pleading standards applicable to complaints filed by pro se ________ plaintiffs. Watson's first two counts alleged that the defendants failed to provide, or caused delays in providing, appropriate medical care. The courts have consistently refused to create constitutional claims out of disagreements between prisoners -4- -4- and doctors about the proper course of a prisoner's medical treatment, or to conclude that simple medical malpractice rises to the level of cruel and unusual punishment. See, ____ e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976); DesRosiers ___ _______ ______ __________ v. Moran, 949 F.2d 15, 19 (1st Cir. 1991). However, prison _____ officials and doctors may violate the Eighth Amendment if they exhibit "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. at 106. The obvious _______ ______ case would be a denial of needed medical treatment in order to punish the inmate. But deliberate indifference may also reside in "wanton" decisions to deny or delay care, Wilson ______ v. Seiter, 111 S. Ct. 2321, 2326 (1992), where the action is ______ recklessness, "not in the tort law sense but in the appreciably stricter criminal-law sense, requiring actual knowledge of impending harm, easily preventable." DesRosiers, 949 F.2d at 19. __________ Watson alleged in the first count of his complaint that the prison nurse refused to treat him for an injury, which proved serious enough to require surgery, on the non-medical ground that the state was not responsible for injuries caused by events that occurred before Watson entered prison. A deliberate refusal to treat a serious medical condition of a prisoner on such a ground could hardly be justified and, while the allegations may prove untrue, they are not "fantastic or delusional." Estelle v. Gamble, 490 U.S. at _______ ______ -5- -5- 328. We conclude that Watson's first count was not frivolous, although it may--based on further information-- prove to be wholly without merit. How and in what form that information is obtained is a matter for the district court to decide in the first instance; we note that the state has not yet filed an answer to this charge. Watson's second count relating to his back injury presents a different question. On its face, the facts set forth allege only the kind of disagreement about the proper course of treatment that does not rise to the level of a constitutional violation: Watson wanted more attention from the nurse, who said that no treatment was needed; he later wanted physical therapy to be ordered by the doctors, who thought that drugs and rest would do the trick. To append labels like "wanton" or "deliberate indifference" to this conduct, when nothing suggests that the medical judgment was absurd or that improper reasons were given for refusing treatment, cannot alter what is in essence a claim of negligence. The difference between failing to state a claim and making a frivolous claim is in some situations a question of degree. In this case we think that the district court acted within its considerable discretion, Wilson, 111 S. Ct. at 2326, in concluding that this count ______ stated no facts suggesting more than simple negligence and that, since simple negligence is not a constitutional -6- -6- violation, the claim was subject to dismissal under section 1915(d).2 Watson's fourth count alleged that prison officials refused to deliver several cassette tapes and compact discs to him, denying those items as "non-allowable" but failing to give Watson a "non-allowable property sheet," and failing as well to notify Watson that the items had been delivered. Instead, Watson says, a corrections officer destroyed them. Watson does not complain directly of the decision to withhold the property from him, but rather of the lack of notice and the resulting destruction of the property before he had a change to have the items sent back. In other words, Watson has raised an issue of procedural due process. The Fourteenth Amendment says that state officials may not deprive persons of property without "due process of law." U.S. Const., art. XIV. The process due depends on the circumstances. Mathews v. Eldridge, 424 U.S. 319, 335 _______ ________ (1976). The cases distinguish sharply between deprivations caused by "random, unauthorized" conduct of state officials, and deprivations caused by conduct "pursuant to established state procedure." See Hudson v. Palmer, 468 U.S. 517, 532 ___ ______ ______ (1984). For the former, the state is not automatically ____________________ 2 Conceivably, in the remand in connection with count one, Watson could move for leave to replead count two to allege facts amounting to a constitutional violation. If he did so, we assume the court would give this motion due consideration. See Denton, 112 S. Ct. at 1734. ___ ______ -7- -7- liable;3 in the latter case there may be liability where the state policy approves or directs the conduct but falls below constitutional standards. In this instance, Watson does not suggest that the officer's conduct reflected a state policy. His brief states that "a [s]upervisor took it upon his own" to throw away the property without giving Watson notice or allowing him the 30 days permitted to prisoners to ship back non-allowable items. The complaint itself asserts that the lack of notice to Watson involved the failure to furnish him "a non-allowable property sheet, which the Department of Corrections normally issues . . . . " The clear inference from these allegations is that the action was a deviation from, and not a reflection of, an established state procedure. Under the precedents cited, such a claim has no legal basis in a section 1983 case. We affirm the judgment below in dismissing counts two ______ and four of the complaint. As to count one, judgment is vacated and the case remanded for further proceedings in _______ accordance with this opinion. So Ordered. __________ ____________________ 3The officer allegedly responsible for the destruction is apparently not a defendant in this case. Watson does not allege that the state refused to provide a post-deprivation remedy for the alleged wrong by the officer. See Hudson v. ___ ______ Palmer, 468 U.S. at 533. ______ -8- -8-