993 F.2d 1530
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Berenice Mary GORCZAKOSKI, Plaintiff, Appellant,
v.
U.S. DEPARTMENT OF LABOR, Defendant, Appellee.
 No. 92-2189.
 United States Court of Appeals,
First Circuit.
 May 4, 1993
 
 Appeal from the United States District Court for the District of Massachusetts
 Berenice Mary Gorczakoski on brief pro se.
 A. John Pappalardo, United States Attorney, William L. Parker, Assistant United States Attorney, Judith E. Kramer, Deputy Solicitor of Labor, James D. Henry, Associate Solicitor, Beverly I. Dankowitz, Attorney, and Andrea S. Grill, Attorney, United States Department of Labor, on Memorandum in Support of Motion for Summary Disposition, for appellee.
 D.Mass.
 AFFIRMED.
 Before Torruella, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 We find no abuse of discretion in the district court's dismissal of the instant complaint as "frivolous" under 28 U.S.C. § 1915(d). See, e.g., Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992) (§ 1915(d) dismissal properly reviewed for abuse of discretion); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (complaint is frivolous "where it lacks an arguable basis either in law or in fact"); Watson v. Caton, 984 F.2d 537, 539 (1st Cir. 1993). It is uncontested that defendant, upon determining that it lacked jurisdiction over the matter, transferred plaintiff's complaint to the EEOC. Plaintiff has provided no reason to suggest that these actions were other than in full conformance with applicable law. See, e.g., 29 C.F.R. § 1691.5 (1992). And even if it were otherwise, we perceive no arguable basis for subjecting defendant to liability as a result of any improprieties in its processing of plaintiff's complaint. See, e.g., Francis-Sobel v. University of Maine, 597 F.2d 15, 18 (1st Cir.) (EEOC's alleged mishandling of grievance did not "support the implication of a damage remedy"), cert. denied, 444 U.S. 949 (1979); see also Johnson v. Rodriguez, 943 F.2d 104, 108-09 (1st Cir.) (alleged irregularities in processing of complaint by state antidiscrimination commission did not implicate due process interest), cert. denied, 112 S. Ct. 949 (1992). As we find no reason to believe that the deficiencies in the instant complaint "could be remedied through more specific pleading," Denton, 112 S. Ct. at 1734, dismissal under § 1915(d) was warranted.
 
 
 2
 Affirmed.