May 4, 1993
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2189 

 BERENICE MARY GORCZAKOSKI,

 Plaintiff, Appellant,

 v.

 U.S. DEPARTMENT OF LABOR,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Rya W. Zobel, U.S. District Judge]
 

 

 Before

 Torruella, Cyr and Boudin,
 Circuit Judges.
 

 

Berenice Mary Gorczakoski on brief pro se.
 
A. John Pappalardo, United States Attorney, William L. Parker,
 
Assistant United States Attorney, Judith E. Kramer, Deputy Solicitor
 
of Labor, James D. Henry, Associate Solicitor, Beverly I. Dankowitz,
 
Attorney, and Andrea S. Grill, Attorney, United States Department of
 
Labor, on Memorandum in Support of Motion for Summary Disposition, for
appellee.

 

 

 Per Curiam. We find no abuse of discretion in the
 

district court's dismissal of the instant complaint as

"frivolous" under 28 U.S.C. 1915(d). See, e.g., Denton v.
 

Hernandez, 112 S. Ct. 1728, 1734 (1992) ( 1915(d) dismissal
 

properly reviewed for abuse of discretion); Neitzke v.
 

Williams, 490 U.S. 319, 325 (1989) (complaint is frivolous
 

"where it lacks an arguable basis either in law or in fact");

Watson v. Caton, 984 F.2d 537, 539 (1st Cir. 1993). It is
 

uncontested that defendant, upon determining that it lacked

jurisdiction over the matter, transferred plaintiff's

complaint to the EEOC. Plaintiff has provided no reason to

suggest that these actions were other than in full

conformance with applicable law. See, e.g., 29 C.F.R. 
 

1691.5 (1992). And even if it were otherwise, we perceive no

arguable basis for subjecting defendant to liability as a

result of any improprieties in its processing of plaintiff's

complaint. See, e.g., Francis-Sobel v. University of Maine,
 

597 F.2d 15, 18 (1st Cir.) (EEOC's alleged mishandling of

grievance did not "support the implication of a damage

remedy"), cert. denied, 444 U.S. 949 (1979); see also Johnson
 

v. Rodriguez, 943 F.2d 104, 108-09 (1st Cir.) (alleged
 

irregularities in processing of complaint by state

antidiscrimination commission did not implicate due process

interest), cert. denied, 112 S. Ct. 949 (1992). As we find
 

no reason to believe that the deficiencies in the instant

complaint "could be remedied through more specific pleading,"

Denton, 112 S. Ct. at 1734, dismissal under 1915(d) was
 

warranted.

 Affirmed.
 

 -3-