USCA1 Opinion

 

 May 4, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2189 BERENICE MARY GORCZAKOSKI, Plaintiff, Appellant, v. U.S. DEPARTMENT OF LABOR, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr and Boudin, Circuit Judges. ______________ ____________________ Berenice Mary Gorczakoski on brief pro se. _________________________ A. John Pappalardo, United States Attorney, William L. Parker, ___________________ __________________ Assistant United States Attorney, Judith E. Kramer, Deputy Solicitor _________________ of Labor, James D. Henry, Associate Solicitor, Beverly I. Dankowitz, _______________ ____________________ Attorney, and Andrea S. Grill, Attorney, United States Department of _______________ Labor, on Memorandum in Support of Motion for Summary Disposition, for appellee. ____________________ ____________________ Per Curiam. We find no abuse of discretion in the ___________ district court's dismissal of the instant complaint as "frivolous" under 28 U.S.C. 1915(d). See, e.g., Denton v. ___ ____ ______ Hernandez, 112 S. Ct. 1728, 1734 (1992) ( 1915(d) dismissal _________ properly reviewed for abuse of discretion); Neitzke v. _______ Williams, 490 U.S. 319, 325 (1989) (complaint is frivolous ________ "where it lacks an arguable basis either in law or in fact"); Watson v. Caton, 984 F.2d 537, 539 (1st Cir. 1993). It is ______ _____ uncontested that defendant, upon determining that it lacked jurisdiction over the matter, transferred plaintiff's complaint to the EEOC. Plaintiff has provided no reason to suggest that these actions were other than in full conformance with applicable law. See, e.g., 29 C.F.R. ___ ____ 1691.5 (1992). And even if it were otherwise, we perceive no arguable basis for subjecting defendant to liability as a result of any improprieties in its processing of plaintiff's complaint. See, e.g., Francis-Sobel v. University of Maine, ___ ____ _____________ ____________________ 597 F.2d 15, 18 (1st Cir.) (EEOC's alleged mishandling of grievance did not "support the implication of a damage remedy"), cert. denied, 444 U.S. 949 (1979); see also Johnson ____________ ________ _______ v. Rodriguez, 943 F.2d 104, 108-09 (1st Cir.) (alleged _________ irregularities in processing of complaint by state antidiscrimination commission did not implicate due process interest), cert. denied, 112 S. Ct. 949 (1992). As we find ____________ no reason to believe that the deficiencies in the instant complaint "could be remedied through more specific pleading," Denton, 112 S. Ct. at 1734, dismissal under 1915(d) was ______ warranted. Affirmed. ________ -3-