May 18, 1993 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 92-2188

 BERENICE MARY GORCZAKOSKI,
 Plaintiff, Appellant,

 v.

 MASSACHUSETTS COMMISSION
 AGAINST DISCRIMINATION,
 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Rya W. Zobel, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Torruella and Cyr, Circuit Judges.
 

 

 Berenice Mary Gorczakoski on brief pro se.
 
 George P. Napolitano, General Counsel, Massachusetts
 
Commission Against Discrimination, on brief for appellee.

 

 

 Per Curiam. We find no abuse of discretion in the
 

district court's dismissal of the instant complaint as

"frivolous" under 28 U.S.C. 1915(d). See, e.g., Denton v.
 

Hernandez, 112 S. Ct. 1728, 1734 (1992) ( 1915(d) dismissal
 

properly reviewed for abuse of discretion); Neitzke v.
 

Williams, 490 U.S. 319, 325 (1989) (complaint is frivolous
 

"where it lacks an arguable basis either in law or in fact");

Watson v. Caton, 984 F.2d 537, 539 (1st Cir. 1993). To the
 

extent plaintiff seeks review of defendant's finding of "no

probable cause," see Mass. G.L. c. 151B, 5-6, 9, the
 

district court plainly lacked subject matter jurisdiction.

And to the extent plaintiff seeks damages under 42 U.S.C. 

1983 on account of (1) defendant's allegedly improper

processing of her claim or (2) its reaction to her office

visit in February 1992, it is clear that defendant is immune

under the Eleventh Amendment. See, e.g., Johnson v.
 

Rodriguez, 943 F.2d 104, 108-09 (1st Cir. 1991), cert.
 

denied, 112 S. Ct. 948 (1992). 
 

 Nor does it appear that the deficiencies in plaintiff's

complaint "could be remedied through more specific pleading."

Denton, 112 S. Ct. at 1734. In Johnson, a case involving
 

similar contentions against this same defendant, we held that

alleged improprieties in the handling of a grievance failed

to implicate a due process interest. 943 F.2d at 109-10; see
 

also Francis-Sobel v. University of Maine, 597 F.2d 15, 17-18
 

 -2-

(1st Cir.) (EEOC finding of no reasonable cause does not give

rise to constitutional claim), cert. denied, 444 U.S. 949
 

(1979). And plaintiff's allegations as to her treatment by

unidentified personnel in defendant's office--conclusory

allegations which have received no elaboration on appeal--

fall well short of stating a constitutional violation. See
 

Watson, 984 F.2d at 540 ("The difference between failing to
 

state a claim and making a frivolous claim is in some

situations a question of degree.").

 Affirmed.
 

 -3-