USCA1 Opinion

 

 May 18, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-2188 BERENICE MARY GORCZAKOSKI, Plaintiff, Appellant, v. MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ___________________ Berenice Mary Gorczakoski on brief pro se. _________________________ George P. Napolitano, General Counsel, Massachusetts ________________________ Commission Against Discrimination, on brief for appellee. __________________ __________________ Per Curiam. We find no abuse of discretion in the ___________ district court's dismissal of the instant complaint as "frivolous" under 28 U.S.C. 1915(d). See, e.g., Denton v. ___ ____ ______ Hernandez, 112 S. Ct. 1728, 1734 (1992) ( 1915(d) dismissal _________ properly reviewed for abuse of discretion); Neitzke v. _______ Williams, 490 U.S. 319, 325 (1989) (complaint is frivolous ________ "where it lacks an arguable basis either in law or in fact"); Watson v. Caton, 984 F.2d 537, 539 (1st Cir. 1993). To the ______ _____ extent plaintiff seeks review of defendant's finding of "no probable cause," see Mass. G.L. c. 151B, 5-6, 9, the ___ district court plainly lacked subject matter jurisdiction. And to the extent plaintiff seeks damages under 42 U.S.C. 1983 on account of (1) defendant's allegedly improper processing of her claim or (2) its reaction to her office visit in February 1992, it is clear that defendant is immune under the Eleventh Amendment. See, e.g., Johnson v. ___ ____ _______ Rodriguez, 943 F.2d 104, 108-09 (1st Cir. 1991), cert. _________ _____ denied, 112 S. Ct. 948 (1992). ______ Nor does it appear that the deficiencies in plaintiff's complaint "could be remedied through more specific pleading." Denton, 112 S. Ct. at 1734. In Johnson, a case involving ______ _______ similar contentions against this same defendant, we held that alleged improprieties in the handling of a grievance failed to implicate a due process interest. 943 F.2d at 109-10; see ___ also Francis-Sobel v. University of Maine, 597 F.2d 15, 17-18 ____ _____________ ___________________ -2- (1st Cir.) (EEOC finding of no reasonable cause does not give rise to constitutional claim), cert. denied, 444 U.S. 949 _____________ (1979). And plaintiff's allegations as to her treatment by unidentified personnel in defendant's office--conclusory allegations which have received no elaboration on appeal-- fall well short of stating a constitutional violation. See ___ Watson, 984 F.2d at 540 ("The difference between failing to ______ state a claim and making a frivolous claim is in some situations a question of degree."). Affirmed. _________ -3-