993 F.2d 1530
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Berenice Mary GORCZAKOSKI, Plaintiff, Appellant,
v.
MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION, Defendant, Appellee.
 No. 92-2188.
 United States Court of Appeals,
First Circuit.
 May 18, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Berenice Mary Gorczakoski on brief pro se.
 George P. Napolitano, General Counsel, Massachusetts Commission Against Discrimination, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 We find no abuse of discretion in the district court's dismissal of the instant complaint as "frivolous" under 28 U.S.C. § 1915(d). See, e.g., Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992) (§ 1915(d) dismissal properly reviewed for abuse of discretion); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (complaint is frivolous "where it lacks an arguable basis either in law or in fact"); Watson v. Caton, 984 F.2d 537, 539 (1st Cir. 1993). To the extent plaintiff seeks review of defendant's finding of "no probable cause," see Mass. G.L. c. 151B, §§ 5-6, 9, the district court plainly lacked subject matter jurisdiction. And to the extent plaintiff seeks damages under 42 U.S.C. § 1983 on account of (1) defendant's allegedly improper processing of her claim or (2) its reaction to her office visit in February 1992, it is clear that defendant is immune under the Eleventh Amendment. See, e.g., Johnson v. Rodriguez, 943 F.2d 104, 108-09 (1st Cir. 1991), cert. denied, 112 S. Ct. 948 (1992).
 
 
 2
 Nor does it appear that the deficiencies in plaintiff's complaint "could be remedied through more specific pleading." Denton, 112 S. Ct. at 1734. In Johnson, a case involving similar contentions against this same defendant, we held that alleged improprieties in the handling of a grievance failed to implicate a due process interest. 943 F.2d at 109-10; see also Francis-Sobel v. University of Maine, 597 F.2d 15, 17-18 (1st Cir.) (EEOC finding of no reasonable cause does not give rise to constitutional claim), cert. denied, 444 U.S. 949 (1979). And plaintiff's allegations as to her treatment by unidentified personnel in defendant's office-conclusory allegations which have received no elaboration on appeal-fall well short of stating a constitutional violation. See Watson, 984 F.2d at 540 ("The difference between failing to state a claim and making a frivolous claim is in some situations a question of degree.").
 
 
 3
 Affirmed.