USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS For The FIRST CIRCUIT ____________________ No. 93-1101 BERENICE MARY GORCZAKOSKI, Plaintiff, Appellant, v. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ET AL., Defendants, Appellees. ____________________ No. 93-1108 BERENICE MARY GORCZAKOSKI, Plaintiff, Appellant, v. MASSACHUSETTS DEPARTMENT OF PUBLIC WELFARE, ET AL., Defendants, Appellees. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ ____________________ Berenice Mary Gorczakoski on brief pro se. _________________________ Donald R. Livingston, General Counsel, Gwendolyn Young Reams, ______________________ ______________________ Associate General Counsel, Lorraine C. Davis, Assistant General ___________________ Counsel, and Jennifer S. Goldstein, Attorney, Equal Employment _______________________ Opportunity Commission, on brief for appellee, Equal Employment Opportunity Commission. ____________________ August 9, 1993 ____________________ Per Curiam. In these consolidated appeals, plaintiff __________ Berenice Mary Gorczakoski appeals from two district court orders dismissing her complaints. For the reasons that follow, we affirm in each instance. I. No. 93-1101 ___________ In May 1988, plaintiff was terminated from her long-time position as ticket agent with Eastern Air Lines, Inc. (Eastern). She thereafter filed charges against Eastern with both the Massachusetts Commission Against Discrimination (MCAD) and the EEOC, alleging discrimination on account of sex, national origin and handicap. In August 1991, following an investigation, an MCAD commissioner found a lack of probable cause to support plaintiff's allegations. That determination was affirmed on administrative appeal the following month. Likewise, the EEOC's Boston Area Director issued a determination letter on May 14, 1992, finding that plaintiff's allegations were unsupported and advising her of her right to file a private action against Eastern. Plaintiff responded by filing the instant suit for damages, not against Eastern, but against the EEOC itself.1 She alleged that the EEOC handled her charge of ____________________ 1. At the district court's direction, plaintiff later filed an amended complaint naming Eastern as a codefendant. Eastern then reported that it had filed a Chapter 11 bankruptcy petition in March 1989 and was therefore protected by the automatic stay. See 11 U.S.C. 362(a)(1). As a ___ result, plaintiff's claims against Eastern were not addressed below. -3- discrimination in a deficient manner--particularly by failing to conduct an independent investigation and failing to monitor the MCAD. The district court granted the EEOC's unopposed motion to dismiss, determining that plaintiff had failed to state a claim upon which relief could be granted. This determination was plainly correct. It is well established that Congress has not authorized- -either expressly or impliedly, either in Title VII or elsewhere--"a cause of action directly against the EEOC for misprocessing of claims asserted against third-party employers." Scheerer v. Rose State College, 950 F.2d 661, ________ ___________________ 662-63 (10th Cir. 1991) (noting that courts have "uniformly" so held), cert. denied, 112 S. Ct. 2995 (1992); accord, e.g., ____________ ______ ____ McCottrell v. EEOC, 726 F.2d 350, 351 & n.1 (7th Cir. 1984); __________ ____ Ward v. EEOC, 719 F.2d 311, 312-14 (9th Cir. 1983), cert. ____ ____ _____ denied, 466 U.S. 953 (1984); Georator Corp. v. EEOC, 592 F.2d ______ ______________ ____ 765, 767-68 (4th Cir. 1979). Likewise, we have held that any mishandling by the EEOC of a Title VII claim does not give rise to a Bivens implied right of action under the Fifth ______ Amendment. See Francis-Sobel v. University of Maine, 597 ___ _____________ ____________________ F.2d 15, 17-18 (1st Cir.), cert. denied, 444 U.S. 949 (1979); ____________ cf. Johnson v. Rodriguez, 943 F.2d 104, 108-09 (1st Cir.) ___ _______ _________ (alleged irregularities in handling of complaint by state antidiscrimination commission did not implicate due process interest), cert. denied, 112 S. Ct. 948 (1992). Instead, the ____________ -4- ability to pursue de novo judicial proceedings under Title VII against the party allegedly engaged in discrimination was intended to be "the all-purpose remedy for charging parties dissatisfied with the EEOC's handling of their charge." Hall ____ v. EEOC, 456 F. Supp. 695, 701 (N.D. Cal. 1978) (quoted in ____ Ward, 719 F.2d at 314). ____ As mentioned, plaintiff has filed claims directly against Eastern, but they are subject to the automatic stay arising from Eastern's bankruptcy petition. Absent interim relief from the bankruptcy court, pursuit of those claims must await the lifting of the stay.2 II. No. 93-1108 ___________ At the root of this appeal is the denial by the Massachusetts Department of Public Welfare (DPW) in 1991 of ____________________ 2. We need not reach, and therefore do not decide, whether the filing of the complaint against Eastern was itself violative of the automatic stay. Likewise, we do not decide whether the pendency of the claims against Eastern renders the district court order non-final, such that (absent a Rule 54(b) certification) appellate jurisdiction would be lacking. To the extent that those claims are without legal effect, see, e.g., Easley v. Pettibone Michigan Corp., 990 F.2d 905, ___ ____ ______ ________________________ 908 (6th Cir. 1993) ("by operation of the automatic stay, the commencement of plaintiffs' action, whether void or voidable, did not take place until the stay was lifted"), it would seem that our jurisdiction would be unaffected. Yet we bypass the matter, taking refuge in the "familiar principle that where an appeal presents a difficult jurisdictional issue, yet the substantive merits underlying the issue are facilely resolved in favor of the party challenging jurisdiction, the jurisdictional inquiry may be avoided." Kotler v. American ______ ________ Tobacco Co., 926 F.2d 1217, 1221 (1st Cir. 1990), vacated on ___________ __________ other grounds, 112 S. Ct. 3019 (1992); accord, e.g., _______________ ______ ____ Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 8 n.5 (1st _________________________ ________ Cir. 1991). -5- plaintiff's application for Medicaid benefits and food stamps. In rendering that decision, the DPW determined that plaintiff's assets and income both exceeded the allowable limits prescribed by state regulations for Medicaid eligibility. Plaintiff then filed charges with the Department of Health and Human Services' Office of Civil Rights (OCR), alleging that the DPW had withheld such benefits because of her age, national origin, handicapped status, and other impermissible factors. The OCR (the agency responsible for ensuring that recipients of financial assistance from the Department of Health and Human Services do not engage in unlawful discrimination) conducted an investigation. It found that the DPW's decision comported fully with state and federal law and had not been influenced by discriminatory considerations. Plaintiff then filed the instant suit against the OCR, claiming that it had failed to conduct an adequate investigation. She subsequently amended her complaint to include the DPW as a defendant, challenging the propriety of its decision to deny her benefits. The district court dismissed the action against both defendants, and plaintiff has appealed. The dismissal of the claims against the OCR need not detain us long. For many of the same reasons discussed above in connection with the EEOC, as well as those enumerated in -6- an earlier appeal brought by plaintiff against the OCR's counterpart in another federal agency, see Gorczakoski v. ___ ___________ U.S. Department of Labor, No. 92-2189 (1st Cir. May 4, 1993), ________________________ we find no arguable basis for subjecting the OCR to liability as a result of any alleged improprieties in its processing of plaintiff's claim. As there is no reason to believe that plaintiff could remedy this defect in her complaint against the OCR "through more specific pleading," Denton v. ______ Hernandez, 112 S. Ct. 1728, 1734 (1992), dismissal thereof as _________ frivolous under 28 U.S.C. 1915(d) was not an abuse of discretion. See, e.g., Neitzke v. Williams, 490 U.S. 319, ___ ____ _______ ________ 325 (1989) (complaint is frivolous "where it lacks an arguable basis either in law or in fact"); Watson v. Caton, ______ _____ 984 F.2d 537, 539 (1st Cir. 1993). With regard to plaintiff's claims against the DPW, the district court granted an unopposed motion to dismiss for lack of jurisdiction. It reasoned that any attempt to gain judicial review of the DPW's denial of benefits must be pursued in state court under the Massachusetts Administrative Procedure Act, Mass. G.L. c. 30A, 14. We perceive no error in the district court's ruling. The judgments are affirmed. __________________________ -7-