56 F.3d 59
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Jerry William WEBER, Plaintiff, Appellant,
v.
Marie WEFERLING, Defendant, Appellee.
 No. 95-1024.
 United States Court of Appeals,
First Circuit.
 May 30, 1995.
 
 Jerry William Weber on brief pro se.
 Valerie Stanfill and Berman & Simmons, P.A. on brief for appellee.
 Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff contends that deliberate indifference is established by his uncontradicted allegations that (1) he advised defendant a Minnesota doctor had successfully prescribed Triamcinolone for plaintiff's skin condition after hydrocortisone had worsened the problem, (2) he urged defendant to review the Minnesota records, (3) but defendant refused to check the record and instead prescribed hydrocortisone, which, once again, exacerbated plaintiff's skin condition.
 
 
 2
 We agree with the magistrate judge and district court that plaintiff failed to raise any genuine issue of material fact for trial. Defendant's uncontradicted affidavit stated that both Triamcinolone and hydrocortisone are used to treat skin conditions like plaintiff's, but that Triamcinolone, while stronger, has more risk for side effects. Because defendant, a physician's assistant, did not feel comfortable prescribing Triamcinolone, she advised plaintiff to see a doctor. Plaintiff eventually did see the doctor, who prescribed Triamcinolone, which alleviated plaintiff's problem. Plaintiff acknowledged below that his skin problems would come and go and that defendant was not responsible for the delay in scheduling a doctor's appointment. Rather, plaintiff's contention was that defendant's refusal to heed plaintiff's warning that hydrocortisone had exacerbated a past flare up or to check the medical record and ascertain that a doctor had previously prescribed Triamcinolone successfully manifested deliberate indifference to plaintiff's medical needs.
 
 
 3
 We disagree. Neither defendant's failure to check plaintiff's record before treating his eczema nor her knowledge that hydrocortisone had failed on a previous occasion shows deliberate indifference to plaintiff's needs. At best, there was a disagreement among medical professionals as to the course of treatment. Such a disagreement does not rise to the level of a constitutional violation. See Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993); Sires v. Berman, 834 F.2d 9, 13 (1st Cir. 1987). Defendant did not bar plaintiff from a remedy which had worked in the past; she told him to consult the prison doctor. The referral was not a refusal to treat plaintiff, but rather a further step in the management of plaintiff's problem. That several months elapsed before plaintiff actually saw the doctor was not defendant's fault, as plaintiff acknowledged below.
 
 
 4
 Affirmed.