86 F.3d 1147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ervin TRIPLETT, Plaintiff, Appellant,
v.
Larry E. DUBOIS and Peter Pepe, Defendants, Appellees.
 No. 95-1805.
 United States Court of Appeals, First Circuit.
 May 7, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. JOSEPH L. TAURO, U.S. District Judge ]
 Ervin Triplett on brief pro se.
 Nancy Ankers White, Special Assistant Attorney General, and Thomas E. Abruzzese, Counsel, Department of Correction, on brief for appellees.
 Before SELYA, CYR and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 We have reviewed the parties' briefs and the record on appeal. We affirm essentially for the reasons stated in the district court's memorandum, dated June 29, 1995. We add only the following.
 
 
 2
 Even were we to assume, as appellant Ervin Triplett argues, that he alleged, and the district court should have considered, facts in his own motion for partial summary judgment that specified the defendants' personal role in the alleged deprivation of his rights, he would not be entitled to relief in this § 1983 action, based on those "facts." He claims that he was unlawfully deprived of his television set without being afforded predeprivation due process, pursuant to a policy announced by defendant Pepe and condoned by defendant Dubois, that authorizes the removal of a television set from the cell of an inmate who is on "awaiting action" status for receipt of a disciplinary report. Triplett contends that this policy is unlawful as, according to Triplett, there is no statutory authorization for it. Even assuming, arguendo, that Triplett is correct in this contention,[1] he, nonetheless, would not prevail. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Watson v. Caton, 984 F.2d 537, 541 (1st Cir.1993) (per curiam) (holding that there is no legal basis for a § 1983 action where the allegation is that the action was a deviation from, and not a reflection of, an established state procedure). Triplett makes no allegation here that Massachusetts affords no adequate postdeprivation remedy, and that ends the matter. See Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 33 (1st Cir.1996) (declining to address whether an adequate postdeprivation remedy is available under state law absent either any allegation or argumentation on the point by the plaintiff).
 
 
 3
 Similarly, insofar as Triplett's complaint might be construed as alleging a violation of substantive due process, he would not prevail. Triplett does not (and could not reasonably) contend that an inmate has a constitutional right to possess a television set in his cell and the fact that the defendants removed Triplett's television set prior to his disciplinary hearing for possessing a razor blade in his cell simply does not rise to the level of "conscience shocking" conduct. See Brown v. Hot, Sexy & Safer Prods., Inc., 68 F.3d 525, 531 (1st Cir.1995) (outlining two theories under which a plaintiff may bring a substantive due process claim--demonstration of a deprivation of an identified liberty or property interest protected by the Fourteenth Amendment or state's conduct that "shocks the conscience"), cert. denied, 116 S.Ct. 1044 (1996).
 
 
 4
 The district court order granting the defendants' motion to dismiss is
 
 
 5
 Affirmed.
 
 
 
 [1]
 But see Mass. Gen. L. ch. 124, § 1(q) (authorizing the commissioner of correction to make and promulgate necessary rules and regulations incident to the exercise of his powers and the performance of his duties including rules and regulations regarding discipline); 103 CMR 430.21(a) (giving the superintendent or his designee authority to place an inmate under investigation for a possible disciplinary offense on awaiting action status, which may include a more restrictive confinement); and 103 CMR 421.20(5) (providing that, in a segregated unit, a cell may include a television but it shall be subject to procedures for its removal and return)