Wasim AZIZ, Appellant,

v.

C.O. BURROWS; Lt. Heyer; Sgt. Richter; Caseworker Mobley; John Doe; Dick Moore; Charles Wilson, Guard; George Adams, Captain; Bob Faith, Appellees.

No. 92–1938.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 23, 1992.

Decided Oct. 5, 1992.

Appellant was pro se.

Barbara J. Wood, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.

FAGG, Circuit Judge.

Wasim Aziz, a Missouri inmate, appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(d). We affirm.

In his complaint, Aziz claimed prison personnel harassed him and retaliated against him because of his pending lawsuits against various prison officials. Before the prison personnel were served, the magistrate judge reviewed the record and recognized the court had recently consolidated four of Aziz's other pending cases and directed Aziz to submit an amended complaint. Expressing a concern for the conservation of judicial resources, the magistrate judge recommended dismissal of the complaint and suggested that Aziz should include the dismissed claims in the amended complaint in the consolidated case. The district court adopted the magistrate judge's report and recommendation and dismissed Aziz's complaint under 28 U.S.C. § 1915(d).

Section 1915(d) allows federal courts to dismiss frivolous or malicious actions that are filed in forma pauperis. *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 1830, 104 L.Ed.2d 338 (1989). In *Neitzke,* the Supreme Court explained that an action is frivolous if "it lacks an arguable basis either in law or in fact." *Id.* at 325, 109 S.Ct. at 1831. Here, Aziz's complaint presents facts that, if proven, could entitle him to relief. Before the Supreme Court decided *Neitzke,* however, we had held that under section 1915(d), district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party. *See Van Meter v. Morgan,* 518 F.2d 366, 368 (8th Cir.) (per curiam), *cert. denied,* 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975); *see also Horsey v. Asher,* 741 F.2d 209, 212 (8th Cir.1984).

In our view, *Neitzke* does not change the rule that district courts may dismiss duplicative complaints under section 1915(d). *See Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir.), *cert. denied,* 493 U.S. 969, 110

S.Ct. 417, 107 L.Ed.2d 382 (1989). Our view is in harmony with the reasoning behind the statute. In *Neitzke* the Supreme Court stated that in enacting section 1915(d), Congress recognized "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or *repetitive* lawsuits." 490 U.S. at 324, 109 S.Ct. at 1830 (emphasis added). The Supreme Court then discussed the definition of the term "frivolous," but did not discuss malicious or repetitive actions. *See id.* at 324–28, 109 S.Ct. at 1830–33. Thus, we do not believe *Neitzke* controls a case involving duplicative claims.

▮ Although Aziz contends this action involves a different correctional facility and different defendants, the district court concluded Aziz's claims could be addressed in the pending consolidated action. *See Van Meter*, 518 F.2d at 368 (district court's finding on redundancy assumed correct when appellant presented no contrary record). Thus, the district court did not abuse its discretion in dismissing the complaint under section 1915(d). The judgment is modified to reflect the dismissal is without prejudice so Aziz can add his current claims to his amended complaint in the consolidated action. *See Denton v. Hernandez*, —— U.S. ——, ——, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

Accordingly, we affirm.