56 F.3d 59
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 J. DOE, Plaintiff, Appellant,
v.
HARVARD UNIVERSITY, Defendant, Appellee.
 No. 95-1152.
 United States Court of Appeals,
First Circuit.
 May 25, 1995.
 
 J. Doe on brief pro se.
 Robert W. Iuliano, Office of the General Counsel, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant J. Doe appeals the dismissal of her suit against Harvard University as frivolous, pursuant to 28 U.S.C. Sec. 1915(d). Doe also alleges that the district court erred in denying her request for an extension of time to reply to the court order of December 20, 1994, requiring her to show cause, within twenty days, why her case should not be dismissed. Finally, she asserts that the district court judge should have recused himself from this case.
 
 
 2
 Section 1915(d) provides the district court discretion to dismiss an in forma pauperis action where, inter alia, the claim is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Watson v. Caton, 984 F.2d 537, 539 (1st Cir. 1993). In the instant case, each of the four claims raised by Doe was legally meritless.
 
 
 3
 Two claims arise out of the same series of events which formed the basis of Doe's previously dismissed action against Harvard.[1] Although Doe raises different legal theories in the instant case, her claims are nevertheless barred by the doctrine of res judicata since they involve the same parties and arise "from the same set of operative facts." Kale v. Combined Insurance Co., 924 F.2d 1161, 1166 (1st Cir.), cert. denied, 502 U.S. 816 (1991). Repetitious actions are appropriate for dismissal pursuant to section 1915(d). See, e.g., Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir.), cert. denied, 493 U.S. 969 (1989).
 
 
 4
 Doe's claim pursuant to the Family Educational Rights and Privacy Act [FERPA], 20 U.S.C. Sec. 1232, is likewise without legal merit since FERPA does not create a private right of action. See, e.g., Fay v. South Colonie Cent. Sch. Dist., 802 F.2d 21, 33 (2d Cir. 1986).
 
 
 5
 Finally, Doe's allegation that Harvard was guilty of civil contempt for violating a court order issued in the prior case cannot constitute an independent cause of action. See, e.g., D. Patrick Inc. v. Ford Motor Co., 8 F.3d 455, 459 (7th Cir. 1993) ("there is no such thing as an independent cause of action for civil contempt") (quoting Blalock v. United States, 844 F.2d 1546, 1550 (11th Cir. 1988)).
 
 
 6
 Furthermore, we find no error in the denial by the district court of Doe's request for an extension of time in which to file her response to the show cause order. Doe's claim that the district judge should have recused himself is neither supported by the record nor is it properly before this court since it was not raised below. See In re Abijoe Realty Corp., 943 F.2d 121, 126-27 (1st Cir. 1991) (dismissing disqualification claim not raised in district court).
 
 
 7
 Affirmed.
 
 
 
 [1]
 This court affirmed the district court dismissal of Doe's prior action in an unpublished opinion dated October 12, 1994