USCA1 Opinion

 

 May 25, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1152 J. DOE, Plaintiff, Appellant, v. HARVARD UNIVERSITY, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ J. Doe on brief pro se. ______ Robert W. Iuliano, Office of the General Counsel, on brief for __________________ appellee. ____________________ ____________________ Per Curiam. Appellant J. Doe appeals the ___________ dismissal of her suit against Harvard University as frivolous, pursuant to 28 U.S.C. 1915(d). Doe also alleges that the district court erred in denying her request for an extension of time to reply to the court order of December 20, 1994, requiring her to show cause, within twenty days, why her case should not be dismissed. Finally, she asserts that the district court judge should have recused himself from this case. Section 1915(d) provides the district court discretion to dismiss an in forma pauperis action where, inter alia, the __ _____ ________ _____ ____ claim is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Watson v. _______ ________ ______ Caton, 984 F.2d 537, 539 (1st Cir. 1993). In the instant _____ case, each of the four claims raised by Doe was legally meritless.  Two claims arise out of the same series of events which formed the basis of Doe's previously dismissed action against Harvard.1 Although Doe raises different legal theories in the instant case, her claims are nevertheless barred by the doctrine of res judicata since they involve the same parties ___ ________ and arise "from the same set of operative facts." Kale v. ____ Combined Insurance Co., 924 F.2d 1161, 1166 (1st Cir.), cert. _____________________ ____  ____________________ 1. This court affirmed the district court dismissal of Doe's prior action in an unpublished opinion dated October 12, 1994. denied, 502 U.S. 816 (1991). Repetitious actions are ______ appropriate for dismissal pursuant to section 1915(d). See, ___ e.g., Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992); ___ ____ _______ Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir.), cert. ______ _______ ____ denied, 493 U.S. 969 (1989). ______ Doe's claim pursuant to the Family Educational Rights and Privacy Act [FERPA], 20 U.S.C. 1232, is likewise without legal merit since FERPA does not create a private right of action. See, e.g., Fay v. South Colonie Cent. Sch. ___ ___ ___ ________________________ Dist., 802 F.2d 21, 33 (2d Cir. 1986).  ____ Finally, Doe's allegation that Harvard was guilty of civil contempt for violating a court order issued in the prior case cannot constitute an independent cause of action. See, e.g., D. Patrick Inc. v. Ford Motor Co., 8 F.3d 455, 459 ___ ___ ______________ _____________ (7th Cir. 1993) ("there is no such thing as an independent cause of action for civil contempt") (quoting Blalock v. _______ United States, 844 F.2d 1546, 1550 (11th Cir. 1988)). _____________ Furthermore, we find no error in the denial by the district court of Doe's request for an extension of time in which to file her response to the show cause order. Doe's claim that the district judge should have recused himself is neither supported by the record nor is it properly before this court since it was not raised below. See In re Abijoe ___ _____________ Realty Corp., 943 F.2d 121, 126-27 (1st Cir. 1991) ____________ -3- (dismissing disqualification claim not raised in district court). Affirmed. ________ -4-