**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THOMAS E. COTTLE,
Plaintiff-Appellant,

v.

No. 00-6367

MICHAEL BELL; JACK V. TURLINGTON;
DANIEL L. STIENEKE, R. H. FUTRELL;
LIEUTENANT WALKER,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-99-835-5-CT-BO)

Submitted: July 31, 2000

Decided: August 14, 2000

Before WIDENER, WILKINS, and TRAXLER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas E. Cottle, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas E. Cottle appeals the district court's order dismissing his 42 U.S.C.A. § 1983 (West Supp. 2000) complaint as frivolous pursuant to 28 U.S.C.A. § 1915(e)(2) (West Supp. 2000). Cottle argues that the district court erred when finding his current complaint, Cottle v. Bell, No. 5:99-CT-835-BO (E.D.N.C. filed Dec. 15, 1999), duplicative of another pending § 1983 complaint of his, Cottle v. Lee, No. 5:99-CT-471-F (E.D.N.C. filed July 23, 1999). We agree.

A district court shall dismiss an action at any time if it determines that the action is frivolous or malicious. See 28 U.S.C.A. § 1915(e)(2)(b)(i) (West Supp. 2000). Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). See Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992); cf. McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two. See I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986).

We find that the complaint filed in Cottle v. Bell is not duplicative of the one filed in Cottle v. Lee. Initially, each complaint challenges Cottle's exposure to environmental tobacco smoke at different correctional institutions: Central Prison in Raleigh, North Carolina (Cottle v. Lee) and Pender Correctional Center in Burgaw, North Carolina (Cottle v. Bell). More importantly, each complaint names completely different defendants, specifically, the warden and other named correctional officers at these respective penal institutions. Because the complaints name different defendants, we find that they are not duplicative of each other, even though they both raise similar issues and seek similar remedies. Thus, the district court erred by dismissing Cottle v. Bell, No. 5:99-CT-835-BO, as duplicative of Lee.

Accordingly, we vacate the district court's order and remand so that Cottle v. Bell, No. 5:99-CT-835-BO, may be reinstated on the docket. We dispense with oral argument because the facts and legal

2

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

3