# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 00-3315/3316

_____

Ray Antwane Higgins,          *

                               *

        Appellant/Cross-Appellee,   *

                               *

      v.                       *

                               *

Thomas M. Carpenter, City Attorney,  *

Little Rock, Arkansas,          *

                               *

        Appellee/Cross-Appellant.   *

    _____

No. 01-1311

    _____

Appeals from the United States
District Court for the
Eastern District of Arkansas.

Reginald R. Early,          *

                               *     [PUBLISHED]

        Appellee,         *

                               *

      v.                       *

                               *

Greg Harmon, Warden, Maximum   *

Security Unit, ADC; Larry Norris,  *

Director, Arkansas Department of  *

Correction; L. J. Brown; Sgt. Hearn, *

                               *

        Appellants.       *

_____

Submitted: June 7, 2001

Filed: August 6, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Ray Antwane Higgins appeals the District Court's order dismissing his 42 U.S.C. § 1983 action for failure to state a claim. Defendant Thomas M. Carpenter cross-appeals the Court's refusal to apply the "three-strikes" rule of the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(g) (Supp. IV 1998). He argues that the "three-strikes" rule prevents Higgins from bringing a civil action in forma pauperis (IFP) because Higgins has, on three or more prior occasions, brought an action or appeal in federal court that was frivolous, malicious, or failed to state a claim and because Higgins is not under imminent danger of serious physical injury. The appeals of Higgins and Carpenter have been consolidated with an appeal by the defendants in the § 1983 suit brought by Arkansas inmate Reginald Early. The Early defendants also appeal the denial of their motion to apply the "three-strikes" rule under § 1915(g). In declining to apply § 1915(g), both courts relied on Ayers v. Norris, which undertook a strict scrutiny review and held § 1915(g) unconstitutional, as applied to Ayers, under the equal protection component of the Due Process Clause. See 43 F. Supp. 2d 1039, 1044-51 (E.D. Ark. 1999). Having conducted de novo review, see United States v. Crawford, 115 F.3d 1397, 1400 (8th Cir.), cert. denied, 522 U.S. 934 (1997), we conclude that the court's analysis in Ayers was incorrect because § 1915(g) need survive only a rational basis test, not a strict scrutiny test. Applying a rational basis review, we find that § 1915(g) does not violate the Equal Protection Clause. Accordingly, we reverse both orders refusing to apply § 1915(g) and we dismiss Higgins's appeal.

I.

Following his December 23, 1994 arrest by Little Rock police officers, Higgins filed a § 1983 action against the City of Little Rock, its police chief, and unnamed police officers. He alleged that the defendants had subjected him to an unlawful search, used excessive force, and arrested him without probable cause. The District Court granted summary judgment to the defendants and we affirmed. See Higgins v. City of Little Rock, No. 97-3270, 1998 WL 142137 (8th Cir. Mar. 26, 1998) (unpublished per curiam) (Higgins I). Thereafter, Higgins filed two other § 1983 actions (Higgins II and Higgins III) based on the December 23 arrest. Both actions were dismissed by the District Court based on res judicata and we summarily affirmed both dismissals.

In the instant action (Higgins IV), Higgins sued Little Rock City Attorney Carpenter. He alleged that Carpenter conspired to conceal the police officers' misconduct, withheld information supporting Higgins's claims, and knowingly misled the court in Higgins I. The District Court granted Higgins IFP status based on his poor financial condition. Carpenter moved to dismiss, arguing Higgins was trying to raise the same issues as in Higgins I, II, and III. He also moved for sanctions, namely, an order under § 1915(g) denying Higgins the right to proceed IFP based on the dismissals and unsuccessful appeals in Higgins II and Higgins III. The District Court granted Carpenter's motion to dismiss, but denied the requested sanctions based on Ayers. The Court also granted Higgins's motion to proceed IFP on appeal.

In his § 1983 action, Early sued various prison officials and staff, alleging that he was denied exercise for forty-six days while locked down in administrative segregation and that on three occasions security personnel refused to take him to medical appointments for hand and skin problems and a lower-leg sore. He was granted IFP status because his prison account statement reflected a sizable negative balance. The defendants moved to deny Early IFP status under § 1915(g) based on the dismissal of six of his prior lawsuits for a failure to state a claim. The District Court

acknowledged that Early had three prior strikes and was not alleging that he was in imminent danger. The court concluded, however, that § 1915(g) would be unconstitutional as applied to Early because he would be wholly denied access to the courts given his inability to pay the full filing fee up front, and because the allegations in his complaint asserted a violation of his fundamental rights. This ruling was certified for interlocutory appeal under 28 U.S.C. § 1292(b) (1994).

On appeal, Carpenter and the Early v. Harmon appellants argue that rational basis review of § 1915(g) is proper, and that § 1915(g) has a rational basis. The Early v. Harmon appellants emphasize that the fundamental right at issue—access to the courts, not the underlying claim in Early's suit—is not impeded. The United States has filed an intervenor's brief.

## II.

"Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest." City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976) (per curiam). Like the other five circuit courts of appeals that have considered and rejected equal protection challenges to § 1915(g),[1] we conclude rational basis review applies. See Rodriguez v. Cook, 169 F.3d 1176, 1178-81 (9th Cir. 1999); White v. Colorado, 157 F.3d 1226, 1232-35 (10th Cir. 1998), cert. denied, 526 U.S. 1008 (1999); Wilson v. Yaklich, 148 F.3d 596, 604-05 (6th Cir. 1998), cert. denied, 525 U.S. 1139 (1999); Rivera v. Allin, 144 F.3d 719, 727-28 (11th Cir.), cert. dismissed, 524 U.S. 978 (1998); Carson v. Johnson, 112 F.3d

---

[1]Some of these courts also addressed other constitutional issues regarding § 1915(g), including retroactivity, ex post facto, separation of powers, and bill of attainder challenges.

818, 821-22 (5th Cir. 1997). First, the classifications at issue are inmates and indigents, neither of which is a suspect class. See Murray v. Dosal, 150 F.3d 814, 818 (8th Cir.1998) (per curiam), cert. denied, 526 U.S. 1070 (1999).

Second, we consider whether the classification trammels a fundamental right. We observe that the right invoked is an inmate's access to the courts, a recognized fundamental right. Bounds v. Smith, 430 U.S. 817, 818 (1977). We find that § 1915(g) does not impinge this fundamental right because it does not prohibit indigent inmates from having a "reasonably adequate opportunity" to pursue valid lawsuits. Lewis v. Casey, 518 U.S. 343, 356 (1996) (clarifying that touchstone of scope of inmates' right of access to courts is whether inmates have "reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement"); see also Rodriguez, 169 F.3d at 1179 (finding that under Lewis v. Casey a prison system does not have to provide maximum or even optimum level of access to courts).

Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits. Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983 actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; indigent inmates therefore control whether the three-strikes rule is ever applied to them. Cf. Christiansen v. Clarke, 147 F.3d 655, 658 (8th Cir.) (finding that § 1915(g) raises expected cost to inmate of each frivolous, malicious, or meritless filing by pushing him one step closer to initially having to pay full filing fee), cert. denied, 525 U.S. 1023 (1998).

Even when § 1915(g) is applied, the affected inmate can file his suit by paying the full filing fee up front. See Ashley v. Dilworth, 147 F.3d 715, 716-17 (8th Cir. 1998) (per curiam) (finding that the PLRA does not close courthouse doors to frequent

filers; it merely makes them pay full filing fee sooner rather than later); Lyon v. Krol, 127 F.3d 763, 765 (8th Cir. 1997) (stating that § 1915(g) does not stop three-strike inmates from pursuing legal claims, but only limits their ability to proceed IFP). The indigent inmate who has three strikes also may file if he is under imminent danger of serious physical injury. See Rivera, 144 F.3d at 724 (PLRA does not render frequent filer who cannot prepay entire filing fee without means for asserting claims to prevent grave bodily harm). We conclude that an inmate's right of access to the courts, as that right is defined in Lewis v. Casey, is not impeded. Therefore it is not necessary to also examine—as the Ayers court did—the nature of the specific claim the inmate is attempting to bring.

Our conclusion as to the appropriate standard of review is consistent with our application of rational basis review in rejecting similar equal protection challenges. In Murray, we upheld the requirement under 28 U.S.C. § 1915(b)(1) (Supp. IV 1998), that inmates must pay an initial partial filing fee unless they have no assets and no means to pay. See 150 F.3d at 817-18 (holding that the imposition of filing fees, over time if required, does not burden the right to court access). We have also upheld 28 U.S.C. § 1915(e)(2)(B)(ii) (Supp. IV 1998), which allows a court to dismiss, prior to service of process and without leave to amend, an IFP action or appeal if it fails to state a claim on which relief may be granted. See Christiansen, 147 F.3d at 657-58 (finding that the statute reduces costs of meritless IFP suits to the judicial system).[2]

It is true that some indigent inmates—who, like Higgins and Early, have no prison jobs or other income sources and cannot save the full filing fee—may be effectively prevented from pursuing valid constitutional claims after receiving three strikes. Yet, "a constitutional requirement to waive court fees in civil cases is the exception, not the general rule." M.L.B. v. S.L.J., 519 U.S. 102, 114 (1996); see also

---

[2]It appears inmate Christiansen sought review under the rational basis standard. See Christiansen, 147 F.3d at 657-58.

<u>Carson</u>, 112 F.3d at 821. The Supreme Court has recognized only a few civil matters in which fee waivers are required. <u>See, e.g.</u>, <u>M.L.B.</u>, 519 U.S. at 113, 123-24 (termination of parental rights); <u>Boddie v. Connecticut</u>, 401 U.S. 371, 376 (1971) (divorce proceedings). If fee waivers are not constitutionally required in prisoner § 1983 cases, it follows that inmates do not have a constitutional right to pay court fees for civil cases by the installment method. <u>See</u> <u>Rivera</u>, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise.").

Applying the rational basis test to § 1915(g), we conclude that it is rationally related to a legitimate government interest and does not violate equal protection. <u>See</u> <u>Christiansen</u>, 147 F.3d at 658 (holding that the 1996 amendments to § 1915 created "monetary and procedural disincentives to the filing of meritless cases," and that in "preserving scarce judicial resources by deterring baseless, frivolous, and malicious suits Congress was furthering a legitimate state interest"). We also conclude that the classifications created by § 1915(g)—indigent inmates versus indigent non-inmates, and frequent-filer indigent inmates versus other indigent inmates—have a rational basis. <u>See</u> <u>Heller v. Doe</u>, 509 U.S. 312, 320 (1993) (holding that a classification survives equal protection challenge if there is any reasonably conceivable set of facts that could provide rational basis for it); <u>Wilson</u>, 148 F.3d at 604 (holding that the differentiation between inmates and non-inmates under § 1915(g) has a rational basis because inmates have substantially more free time than non-inmates and are provided with food, housing, paper, postage, and legal assistance); <u>Rivera</u>, 144 F.3d at 728 (holding that Congress has a rational basis to believe the goal of curtailing abusive prison litigation would be furthered by separating frequent-filer indigent inmates from other indigent inmates).

III.

Because § 1915(g) survives the equal protection challenge before us, we conclude that the District Court should have dismissed Higgins IV under § 1915(g) and that the court erred in granting Higgins IFP status on appeal and thus the appeal in Higgins IV should be dismissed without addressing its merits. Higgins does not contend that he is under imminent danger of serious physical injury, and he does not contest Carpenter's assertion that the dismissals and affirmances in Higgins II and Higgins III were "strikes." Cf. Rivera, 144 F.3d at 721-22, 730 (holding that an inmate who challenges district court's dismissal under three-strikes rule has burden to furnish appellate court with sufficient record information about challenged "strikes"). Although affirmance of a district court's dismissal of a complaint as frivolous does not automatically make the appeal frivolous, see Henderson v. Norris, 129 F.3d 481, 485 n.4 (8th Cir. 1997) (per curiam), we find that the district court dismissals and our summary affirmances in Higgins II and Higgins III qualify as four strikes, as these actions were based on the same claims and against the same defendants as in Higgins I. Cf. Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992) (affirming district court's dismissal of inmate's duplicative § 1983 complaint as frivolous). Likewise, the District Court in Early v. Harmon erred in declining to grant defendants' motion to deny Early IFP status, as it is uncontested that he had three strikes and was not in imminent danger of serious physical injury.

IV.

Accordingly, we dismiss Higgins's appeal, and we reverse and remand to the District Courts with instructions to deny IFP status to Higgins and to Early under § 1915(g).

-8-

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.