# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-3031

_____

Raymond Gearhart

*Plaintiff - Appellant*

Robert George

*Plaintiff*

v.

Sarrazine, Dr.; Elizabeth Weiner, Dr.; Shawn Rice, Dr.; Williams, Counselor;
Linda Sanders, Warden; Rhodes, Officer

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: January 23, 2014
Filed: February 11, 2014
[Unpublished]

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Raymond Gearhart appeals the district court's preservice dismissal as duplicative of his complaint under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). We grant his renewed motion for leave to proceed in forma pauperis on appeal. As to the merits of the district court's order, we agree that the claims arising from the forced administration of medications are duplicative, as there was another pending <u>Bivens</u> suit filed by Gearhart that raised the same claims. Therefore those claims were properly dismissed--whether under 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A. <u>See</u> <u>Moore v. Sims</u>, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (de novo review of § 1915(e)(2)(B) dismissal); <u>Cooper v. Schriro</u>, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (de novo review of § 1915A dismissal); <u>Aziz v. Burrows</u>, 976 F.2d 1158, 1158-59 (8th Cir. 1992) (affirming § 1915 dismissal on ground that courts may dismiss duplicative complaint raising issues directly related to issues in other pending action by same party). However, we find that the claims arising from defendant Officer Rhodes's alleged assault on Gearhart was improperly dismissed, <u>see</u> <u>Stone v. Harry</u>, 364 F.3d 912, 914 (8th Cir. 2004) (pro se complaints must be liberally construed), because only one of the four cases the district court identified as duplicative was still pending when the instant dismissal order was entered, and the complaint in that pending action contained no such claim. We thus reverse the dismissal of that claim and remand for further proceedings. In all other respects, we affirm.

―――――――――――――――――――