**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3628
_____

MARIO GAUSE,
                              Appellant

v.

FALON HAILE, Individual Capacity; ROBIN SCHWARTZ, Individual Capacity;
RICARDO JACKSON, Individual Capacity; WILLIAM STEWART, Individual
Capacity; SALVATORE ADAMO, Individual Capacity; MICHAEL WENEROWICZ,
Individual Capacity; TOM ROWLANDS, Individual Capacity;
GERALD GALINSKI, Individual Capacity; ROBERT DURISON, Individual Capacity;
CHRISTOPHER THOMAS, Individual Capacity

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-01961)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2014

Before: AMBRO, SHWARTZ AND NYGAARD, Circuit Judges

(Filed: March 21, 2014)
_____

OPINION
_____

PER CURIAM

Mario Gause appeals pro se from the District Court's order dismissing his civil rights complaint. We will affirm.

I.

In 1993, the Philadelphia County Court of Common Pleas convicted Mario Gause of rape and related charges. He eventually received a sentence of 9 to 18 years' imprisonment and was released from incarceration in February 2012.

In April 2013, Gause filed a complaint in the District Court for the Eastern District of Pennsylvania, pursuant to 42 U.S.C. § 1983, alleging various civil rights violations in relation to his trial, conviction, and confinement. In the complaint, Gause claimed that: (1) Judge Ricardo Jackson, of the Court of Common Pleas, was biased against him; (2) William Stewart and Salvatore Adamo, his trial and appellate attorneys, respectively, were ineffective; (3) Robin Schwartz, of the Philadelphia District Attorney's office, knowingly relied on false testimony; (4) Falon Haile, the victim, provided false testimony and defamed him; and (5) Michael Wenerowicz, Tom Rowlands, Gerald Galinski, Bob Durison, and Christopher Thomas, employees of the Pennsylvania Department of Corrections, detained him in prison beyond his term of incarceration. He alleged that he has consequently suffered cruel and unusual punishment and continuous injury in violation of the 5th, 6th, 8th, and 14th Amendments.

The District Judge reviewed Gause's complaint under the screening provisions of 28 U.S.C. § 1915(e)(2)(B). He determined that Schwartz and Jackson were immune from

2

suit under § 1983, and that Haile, Stewart, and Adamo were not proper defendants in a § 1983 action because they were not state actors. The District Judge also determined that Haile was absolutely immune from any tort claims arising from her testimony, and that the statute of limitations had run on Gause's defamation and malicious prosecution claims against her. Accordingly, the District Judge dismissed, sua sponte, the claims against those five defendants. The remaining five defendants then moved to dismiss Gause's complaint under the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). After concluding that Heck precluded Gause from seeking damages related to his conviction and confinement, the District Judge dismissed the complaint. Gause timely appealed.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Gause's complaint. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). A federal court may properly dismiss an action sua sponte under the screening provisions of § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013) (internal quotation marks omitted). To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant[s are]

3

liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In conducting our review, we liberally construe Gause's pro se filings. See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

III.

The District Court dismissed, sua sponte, Gause's claims against Haile, Schwartz, Jackson, Stewart, and Adamo. As the District Court correctly determined, Jackson, Schwartz, and Haile are immune from suit for their roles as judge, prosecutor, and witness, respectively. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). Similarly, a prosecutor is immune from damages in a § 1983 action for her initiation of a prosecution and presentation of a state's case. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Witnesses, too, are immune from § 1983 damages "based upon their testimony." Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001). Nowhere in the complaint or accompanying motion did Gause allege any actions by Jackson outside of his role as a trial judge. Gause's claims against Schwartz revolve around her role in prosecuting him on behalf of the Commonwealth. His claims against Haile all stem from her testimony against him. Accordingly, the District Court properly concluded that Jackson, Schwartz, and Haile are immune from Gause's suit.[1] See id.

Nor did Gause's complaint state a claim against Public Defenders Stewart and Adamo, for they were not state actors for purposes of § 1983. See Polk Cnty. v. Dodson,

---

[1] To the extent that Gause sought to sue Haile for malicious prosecution, he cannot sustain his burden of showing that the criminal proceeding ended in his favor. See McKenna v. City of Phila., 582 F.3d 447, 461 (3d Cir. 2009).

4

454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

The District Court also properly granted the remaining defendants' motion to dismiss. Gause claimed that Wenerowicz, Rowlands, Galinski, Durison, and Thomas failed to credit Gause with the time he was incarcerated between his vacated, initial sentence, and his re-imposed sentence, thus resulting in an unlawfully long period of detention. However, a ruling that Gause was held in excess of the maximum sentence would necessarily imply the invalidity of his "confinement or its duration," and would therefore violate Heck. See Muhammad v. Close, 540 U.S. 749, 751 (2004) (stating that Heck bars § 1983 claims that implicitly question the validity of a conviction or the duration of a sentence). Further, despite his repeated attempts to collaterally challenge his conviction and sentence in both state and federal courts, his sentence has never been overturned, expunged, or declared invalid. See Heck, 512 U.S. at 486-87; see also Williams v. Consovoy, 453 F.3d 173, 177-78 (3d Cir. 2006) (rejecting a plaintiff's argument that because habeas relief was no longer available to him, he should be able to maintain a § 1983 action for false imprisonment). Gause is therefore barred from pursuing this claim in a § 1983 action. See id.