**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3631
_____

MARIO GAUSE,

Appellant

v.

COURT OF COMMON PLEAS; DISTRICT ATTORNEY PHILADELPHIA;
PUBLIC DEFENDER ASSOCIATION

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-04382)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2014
Before:  CHAGARES, GARTH and SLOVITER, Circuit Judges

(Filed: July 7, 2014)
_____

OPINION
_____

PER CURIAM

    Mario Gause appeals pro se from the District Court's order dismissing his civil

rights complaint.  We will affirm.

I.

In 1993, the Philadelphia County Court of Common Pleas convicted Mario Gause of rape and related charges. He received a sentence of 9 to 18 years' imprisonment and unsuccessfully pursued a direct appeal, state post-conviction relief, and federal habeas corpus relief. He was released from incarceration in February 2012.

In July 2013, Gause filed a complaint in the District Court for the Eastern District of Pennsylvania in which he named the Court of Common Pleas, District Attorney of Philadelphia, and Public Defender Association as defendants. He claimed that the Court of Common Pleas judge was biased against him during his criminal trial, that his trial and appellate attorneys were ineffective, and that the prosecutor knowingly relied on false testimony. He alleged that he has consequently suffered cruel and unusual punishment and continuous injury for over 21 years, in violation of the 5th, 6th, 8th, and 14th Amendments.

The District Judge reviewed the complaint and determined that the allegations made therein were substantially similar to allegations that Gause had raised in a separate civil suit, which was docketed at D.C. Civ. No. 2:12-cv-01961 and was still pending at the time. Accordingly, after granting Gause in forma pauperis status, the District Court summarily closed the case. Gause appeals.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Gause's complaint. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). A district court must sua sponte dismiss

2

a complaint that is filed in forma pauperis if it determines that the action is frivolous, malicious, fails to state a claim, or seeks damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

At the time that Gause filed his complaint, he had already filed a separate civil rights action in D.C. Civ. No. 2:12-cv-01961 alleging that, during his 1993 trial for rape: (1) Judge Ricardo Jackson, of the Court of Common Pleas, was biased against him; (2) William Stewart and Salvatore Adamo, his trial and appellate attorneys, respectively, were ineffective; (3) Robin Schwartz, of the Philadelphia District Attorney's office, knowingly relied on false testimony; (4) Falon Haile, the victim, provided false testimony and defamed him; and (5) Michael Wenerowicz, Tom Rowlands, Gerald Galinski, Bob Durison, and Christopher Thomas, employees of the Pennsylvania Department of Corrections, detained him in prison beyond his term of incarceration. In that complaint, he claimed violations of his 5th, 6th, 8th, and 14th Amendment rights, and he sought equitable relief and monetary damages.[1] The instant action stems from the same alleged harm caused by four of the defendants named in D.C. Civ. No. 2:12-cv-01961, does not identify any different defendants or harms, and was filed in the District Court while D.C. Civ. No. 2:12-cv-01961 was still pending. The District Court therefore properly dismissed Gause's complaint as repetitive. See, e.g., Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993) (holding that a district court may dismiss duplicative complaints under § 1915(e)); Aziz v. Burrows, 976 F.2d 1158, 1158-59 (8th Cir. 1992) (same).

---

[1] The District Court went on to summarily dismiss Gause's complaint in D.C. Civ. No. 2:12-cv-01961, and we affirmed in Gause v. Haile, C.A. No. 13-3628 (judgment entered Mar. 21, 2014).

3

Accordingly, we will affirm the District Court's order dismissing Gause's civil rights complaint.