# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2497

_____

Deverick Scott

*Plaintiff - Appellant*

v.

Randy Watson, Warden, Varner Unit; Moses Jackson, Assistant Warden, Varner Unit; Malone, Major, Varner Unit; Mark Stephens, Captain, Varner Unit; Corey Paskel, Officer, Varner Unit; Butler, Officer, Varner Unit; Alex Copefield, Officer, Varner Unit; Wilson, Corporal, Varner Unit; Wolfo, Officer, Varner Unit; Powell, Officer, Varner Unit; Jones, Officer, Varner Unit; Phillip Esaw, Lieutenant, Varner Unit; Hicks, Officer, Varner Unit; Bplens, Lieutenant, Varner Unit; Young, Sergeant, Varner Unit

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: September 11, 2015
Filed: September 18, 2015
[Unpublished]

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Deverick Scott appeals after the district court dismissed his pro se 42 U.S.C. § 1983 complaint. For the following reasons, we reverse the dismissal, and we remand the case to the district court for further proceedings.

In May 2015, Scott filed a 42 U.S.C. § 1983 complaint against seventeen Arkansas Department of Correction (ADC) officials and "all officers at Varner Super Max," asserting that various defendants--acting in concert to retaliate against him for filing prison grievances and other lawsuits--had assaulted him while he was handcuffed, fully shackled, and not resisting (assault claim); failed to intervene in or stop the assault (failure-to-protect claim); issued him a false disciplinary report to "cover up" the assault (false-report claim); sprayed a full can of mace in his face without provocation (excessive-force claim); and housed him in a cold cell that was flooded with toilet water, without providing him clothing, sheets, or hygiene supplies (conditions-of-confinement claim). He also asserted that supervisor-defendants turned a "blind eye" to the retaliation, and refused to stop the retaliation or to investigate his reports of the misconduct (supervisor claims); and that defendants retaliated against him by, inter alia, denying him yard call, urinating in his tea, threatening to put rat poison in his food, offering inmates bribes to kill him, and denying him medical care. The court entered an order in that matter concluding that Scott's claims were misjoined, and directing him to file an amended complaint that remedied the misjoinder. Scott filed an amended complaint that omitted his assault, false-report, failure-to-protect, excessive-force, conditions-of-confinement, and supervisor claims; and the court thereafter entered an order dismissing those claims without prejudice.

After he filed his amended complaint, Scott moved for leave to proceed in forma pauperis (IFP) and filed his complaint in this action, naming fifteen ADC officials, and reasserting his assault, false-report, failure-to-protect, excessive-force, conditions-of-confinement, and supervisor claims. The district court, prior to service, denied the IFP motion, and dismissed the complaint without prejudice under 28

U.S.C. §§ 1915(e)(2) and 1915A as duplicative. The district court thereafter granted Scott leave to proceed IFP in this timely appeal.

Upon careful de novo review, we conclude that Scott's complaint was not subject to dismissal. See Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (standard of review); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (same). We conclude that the complaint was not duplicative of the amended complaint filed in Scott's other action, cf. Aziz v. Burrows, 976 F.2d 1158, 1158-59 (8th Cir. 1992) (district courts may dismiss complaint which raises issues directly related to issues in other pending action by same party); that it was not subject to dismissal based on misjoinder because Scott alleged a relationship between all the incidents about which he complained, and because misjoinder of parties is not a basis for dismissal under the federal rules, see Fed. R. Civ. P. 20(a)(2) (joinder of defendants), 21 (misjoinder of parties is not a ground for dismissing action); and that Scott stated plausible section 1983 claims, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (complaint has facial plausibility when plaintiff pleads factual content that allows court to draw reasonable inference that defendant is liable for misconduct).

Accordingly, we vacate the judgment and remand for further proceedings.

_____