[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  15-14035-EE
_____

STATE OF GEORGIA,
Ex. Rel. Samuel S. Olens in his official capacity
as Attorney General of Georgia,
40 Capitol Square, S.W., Atlanta, GA 30334,
STATE OF WEST VIRGINIA,
Ex Rel. Patrick Morrisey in his official capacity
as Attorney General of West Virginia,
State Capitol Building 1, Room E-26, Charleston, WI V 25305,
STATE OF ALABAMA,
Ex Rel. Luther Strange in his official capacity
as Attorney General of Alabama,
501 Washington Avenue, Montgomery, AL 36130
STATE OF FLORIDA,
Ex Rel. Pamela Jo Bondi in her official capacity
as Attorney General of Florida
PL-01, The Capitol Tallahassee, FL 32399,
STATE OF KANSAS,
Ex Rel. Derek Schmidt in his official capacity
as Attorney General of Kansas
120 SW 10th Ave., 2nd Floor, Topeka, KS 66612,
COMMONWEALTH OF KENTUCKY,
Ex Rel. Jack Conway in his official capacity
as Attorney General of Kentucky,
700 Capitol Avenue, Suite 118, Frankfort, KY 40601,
STATE OF SOUTH CAROLINA,
Ex Rel. Alan Wilson in his official capacity
as Attorney General of South Carolina,
1000 Assembly Street, Room 519, Columbia, SC 29201,
STATE OF UTAH,

Ex Rel. In his official capacity
as Attorney General of Utah,
Utah State Capitol Complex, 350 North State Street,
Suite 230, Salt Lake City, UT 84114,
STATE OF WISCONSIN,
Ex Rel. Brad D. Schimel in his official capacity
as Attorney General of Wisconsin,
17 West Main Street, Madison, WI 53707,
NORTH CAROLINA DEPARTMENT OF
ENVIRONMENT AND NATURAL RESOURCES,
215 West Jones Street, Raleigh, NC 27603,
STATE OF INDIANA,
Ex. Rel. Gregory F. Zoeller, in his official capacity
as Attorney General of Indiana,
302 West Washington Street,
Indiana Government Center - South, Fifth Floor, Indianapolis, IN 46204,

Plaintiffs-Appellants,

versus

REGINA MCCARTHY,
in her official capacity as Administrator of the
United States Environmental Protection Agency;
and the United States Environmental Protection Agency,
1200 Pennsylvania Avenue, N.W., Washington, DC 20460,
JO ELLEN DARCY,
in her official capacity as Assistant Secretary of the Army (Civil Works);
and the United States Army Corps of Engineers,
441 G Street N.W., Washington, DC 20314,
U.S. ENVIRONMENTAL PROTECTION AGENCY,
1200 Pennsylvania Avenue, NW, Washington, DC 20460,
U.S. ARMY CORPS OF ENGINEERS,
441 G Street, NW, Washington, DC 20314,

Defendants-Appellees.
_____

Appeals from the United States District Court

for the Southern District of Georgia
_____

Before:  ED CARNES, Chief Judge, JILL PRYOR, Circuit Judge, and REEVES,[*] District Judge.

BY THE COURT:

On June 29, 2015, the Environmental Protection Agency and the Army Corps of Engineers jointly promulgated the Clean Water Rule, 80 Fed. Reg. 37054 (June 29, 2015), which defines the term "Waters of the United States" for purposes of the Clean Water Act, 33 U.S.C. § 1251 et seq.  The next day, the plaintiffs in this case filed a complaint in the District Court for the Southern District of Georgia asserting that the rule is invalid and asking that it be vacated and that EPA and the Corps be enjoined from enforcing it.  The plaintiffs later moved to preliminarily enjoin enforcement of the rule.  On August 27, 2015, the district court denied that motion because it concluded that 33 U.S.C. § 1369(b)(1) gives courts of appeals exclusive original jurisdiction over challenges to the rule.  See State of Georgia v. McCarthy, CV-215-79, 2015 WL 5092568 (S.D. Ga. Aug. 27, 2015).  Before us is the plaintiffs' appeal from that denial of preliminary injunctive relief.

On July 20, 2015, the plaintiffs in this case also filed in this Court what they termed a "protective" petition for direct review of their Clean Water Rule challenge.  See State of Georgia v. EPA, No. 15-13252.  Their petition in that

_____

[*] Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

proceeding names the defendants in this case as the respondents and raises the same issues about the validity of the rule that their complaint in this case does.  On July 28, 2015, pursuant to an order of the Judicial Panel on Multidistrict Litigation, that petition was transferred from this Court to the Sixth Circuit Court of Appeals, where it was consolidated with similar petitions that had been filed in and transferred from other circuits.  See State of Georgia v. EPA, No. 15-3887; see also 28 U.S.C. § 2112 (permitting, under certain circumstances, consolidation of petitions filed in different courts of appeals).

The Sixth Circuit thereafter issued a nationwide stay of the Clean Water Rule, pending its determination of whether it has original jurisdiction to consider the consolidated petitions.  See In re: EPA & Dep't of Def. Final Rule, 803 F.3d 804 (6th Cir. 2015) ("In re EPA I").  On February 22, 2016, after briefing and oral argument, the Sixth Circuit held that it does have original jurisdiction to decide the merits of the consolidated petitions because § 1369(b)(1) vests courts of appeals, and not district courts, with original jurisdiction over challenges to the rule.  See In re EPA & Dep't of Def. Final Rule, 817 F.3d 261 (6th Cir. 2016) ("In re EPA II").  In the months since it issued that order, the Sixth Circuit and the parties to the consolidated petitions — including all of the parties to this appeal — have devoted considerable time and effort to the task of paring down the contents of the

administrative record (which is more than a million pages long) and to developing a workable briefing schedule for briefing the merits of the challenges to the rule.

After the Sixth Circuit determined that courts of appeals have original jurisdiction over challenges to the Clean Water Rule, we asked the parties to this appeal to submit supplemental briefs addressing:  whether this appeal is moot in light of the Sixth Circuit's nationwide stay of enforcement of the Clean Water Rule in In re EPA I; whether we should stay any further proceedings in this case while the In re EPA I stay order remains in effect; whether we should hold this appeal in abeyance pending the Sixth Circuit's decision concerning the validity of the rule; whether we are bound by the Sixth Circuit's determination in In re EPA II that courts of appeals have exclusive original jurisdiction over challenges to the rule; whether the determination of jurisdiction in In re EPA II has preclusive effect on that issue in this appeal; and, if not, what persuasive weight we should give to In re EPA II.  On July 7, 2016, following a full round of supplemental briefing from the parties, we heard oral argument in this matter.

The Supreme Court has explained that:

[T]here are principles . . . which govern in situations involving the contemporaneous exercise of concurrent jurisdictions . . . by federal courts . . . .  These principles rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. . . .  As between federal [] courts . . . the general principle is to avoid duplicative litigation.

Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246 (1976) (citations, quotation marks, and parentheses omitted). "Although no precise test has been articulated for making this determination [that litigation is duplicative], the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." I.A. Durbin, Inc v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986). Under those circumstances, we have recognized, federal courts "are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." Id. at 1551–52 (citing decisions of this Court and the Supreme Court).

If there were an exhibition hall for prudential restraint on the exercise of judicial authority, this case could be an exemplar in the duplicative litigation wing. The case before us and the case before the Sixth Circuit involve the same parties on each side, the same jurisdictional and merits issues, and the same requested relief. "[C]onsiderations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," counsel in favor of honoring "the general principle [of] avoid[ing] duplicative litigation." Colorado River, 424 U.S. at 817, 96 S. Ct. at 1246 (quotation marks and parentheses omitted). It would be a colossal waste of judicial resources for

6

both this Court and the Sixth Circuit to undertake to decide the same issues about the same rule presented by the same parties.

And the Sixth Circuit is the obvious court to proceed to decision because it is significantly farther along the decisional path than we are.  It has already decided the district court versus court of appeals jurisdictional issue, it has denied rehearing en banc of that decision, it has set a briefing schedule on the merits issues, and it is in the process of winnowing down the massive administrative record to its most relevant parts.  There is no good reason not to stay our hand in the present case until the Sixth Circuit decides the case before it.  Because of the Sixth Circuit's nationwide stay of the Clean Water Rule, those opposing the rule are not being harmed by it in the interim.  And, if the Sixth Circuit holds that the rule is invalid, that will end the matter, subject (as all panel decisions are) to the possibility of en banc and certiorari review. In any event, the decision of that court will likely narrow and refine, if not render moot, at least some of the issues we asked the parties to brief.  For all of these reasons, we exercise our discretion to stay our hand in this case pending a decision of the Sixth Circuit or further developments.

Accordingly, IT IS ORDERED that this appeal is HELD IN ABEYANCE pending a decision of the Sixth Circuit on the issue involving the validity of the Clean Water Rule, or until further order of this Court.  In the meantime, THE

7

DISTRICT COURT IS ORDERED TO STAY ALL FURTHER PROCEEDINGS

in the part of this case that is still before it.