**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7332**

RONALD MCCLARY,

> Plaintiff - Appellant,

v.

JOSEPH LIGHTSEY,

> Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:16-ct-03052-BO)

Submitted:  January 17, 2017          Decided:  January 23, 2017

Before GREGORY, Chief Judge, and MOTZ and TRAXLER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Ronald McClary, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald McClary appeals a district court's order and judgment dismissing his civil rights complaint as frivolous, pursuant to 28 U.S.C. § 1915(e) (2012), for being duplicative of a pending action. For the reasons set forth below, we vacate the court's order and remand for further proceedings.

In quick succession, McClary filed three lawsuits against medical personnel at the Polk Correctional Institution. On December 16, 2014, the district court consolidated the three lawsuits. On February 8, 2016, the district court dismissed McClary's first lawsuit without prejudice, McClary v. Lightsey, No. 5:14-ct-03039-FL, because he failed to exhaust his administrative remedies. The remaining two lawsuits are still active.

On February 22, 2016, McClary filed the instant complaint in which he stated that he was "refiling" his complaint in No. 5:14-ct-03039-FL because he exhausted his administrative remedies. (Electronic Record at 7). The district court dismissed the complaint with prejudice, finding that the complaint was duplicative of one of the pending consolidated complaints. The court noted that the dismissal counted as a strike under 28 U.S.C. § 1915 (2012).

A district court shall dismiss an action at any time if it determines that the action is frivolous or malicious. See 28

2

U.S.C. § 1915(e)(2)(B). Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss them as frivolous or malicious pursuant to § 1915(e). See Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992) (finding that § 1915(d), the precursor to § 1915(e), allowed a district court to dismiss a complaint that was duplicative of another pending action brought by same party). Generally, lawsuits are duplicative if the parties, issues, and available relief are not different from each other. See Georgia v. McCarthy, 833 F.3d 1317, 1321 (11th Cir. 2016).

Here, the district court mistakenly found that McClary's complaint was duplicative of a pending action. The court's confusion is excusable, given that McClary has filed a number of lawsuits with overlapping and related claims. Because McClary was attempting to refile a complaint to show that he had exhausted his administrative remedies, we vacate the court's order. We take no position on the merits of McClary's claims.

Accordingly, we vacate the district court's order and judgment and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

3